**NOT FOR PUBLICATION**

MAR 14 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR M. ROMERO, | No. 07-74937 |
| Petitioner, | Agency No. A071-523-943 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted March 6, 2012[**]

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Victor M. Romero, a native and citizen of Mexico, petitions for review of

the Department of Homeland Security's order reinstating his 1992 exclusion order

under 8 U.S.C. § 1231(a)(5). We have jurisdiction under 8 U.S.C. § 1252. We

review de novo due process claims and questions of law, *Garcia de Rincon v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Dep't of Homeland Sec.*, 539 F.3d 1133, 1136 (9th Cir. 2008), and we deny the petition for review.

Because Romero failed to demonstrate a gross miscarriage of justice in his initial exclusion proceeding, he may not at this point collaterally attack his 1992 exclusion order. *See id*. at 1137-38 (while a petitioner is generally prevented from collaterally attacking an underlying removal order on constitutional or legal grounds, 8 U.S.C. § 1252(a)(2)(D) permits some measure of review if he can demonstrate a "gross miscarriage of justice" in the prior proceedings).

Romero's contention that the agency erred in applying the reinstatement provision to him because he is eligible for adjustment of status under the special adjustment provision, 8 U.S.C. § 1255(i), is unpersuasive. *See Padilla v. Ashcroft*, 334 F.3d 921, 925-26 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**